[Civ. No. 26783. Second Dist., Div. Four. May 15, 1963.]

ORAN W. BROWN, Plaintiff and Appellant, v. NORTH VENTURA ROAD DEVELOPMENT COMPANY et al., Defendants and Respondents.

Mydland & Pic'l, Dean R. Pic'l, Gooch & Barrett and Robert F. Gooch for Plaintiff and Appellant.

George J. Rubens and Archibald M. Cargile, in pro. per., and John J. Owens for Defendants and Respondents.

KINGSLEY, J.—We set forth the history of the relations between the parties, and their contentions in this court, so far as we can ascertain them from the quite sketchy briefs on file and from our own examination of the record:

Defendant, Grace Baptist Church of Oxnard, desired to erect a new church. It located a plot of land suitable for that purpose, but which in area greatly exceeded the needs of the church. Although quite willing to sell the entire plot, the owners were unwilling to sell only a portion thereof. Not having the immediate financial means to purchase the whole plot, the church sought the aid of plaintiff, who was known in the community as being experienced with the "ins and outs" of real estate contracting and development. Plaintiff agreed to help the church acquire this piece of property. It was understood that title to this property would be taken in the name of defendant church as to one-third of the property,

the remaining two-thirds to be taken in the names of plaintiff, John Axtell and H. F. Rosenmund or their nominee. The agreement further provided that the latter three would transfer this two-thirds interest to a corporation to be formed by them for the purpose of developing and subdividing this property. It was also understood that the church would pay one-third and the corporation two-thirds of the purchase price, funds for which would be raised by inducing persons to invest in the corporation. The church then induced Darrel George, George Rubens and Curry McCarty to advance the deposit money so that purchase of the property could be made.

For his efforts, plaintiff was to receive a 15 per cent interest, John Axtell a 2 per cent interest, and H. F. Rosenmund a 3 per cent interest in the enterprise.

In due course, plaintiff, Axtell and Rosenmund secured the incorporation of defendant North Ventura Road Development Company, and became its first board of directors. These three men then transferred their interest in the tract of land to the corporation so formed.

Thereafter, the corporation filed with the Corporation Commissioner an application for a permit to issue stock. The application requested permission to issue 400 shares to the following individuals: 145 shares to plaintiff for organizational services; 20 shares to John Axtell for organizational services; 30 shares to H. F. Rosenmund for organizational services; and to Darrel George, George Rubens and Curry McCarty, 50, 60 and 40 shares respectively as consideration for monies invested. In addition, the application asked permission to issue 50 shares to Ray O'Donovan as full and complete satisfaction for his broker's commission which he earned in regard to the sale of the property, and to issue 5 shares to Robert L. Yocum as gift shares from plaintiff.

All of the above named individuals, together with one Archibald Cargile, who, except as discussed below, is not shown to have had any interest in the corporation, began to take an active part in the business affairs of the corporation. For all practical purposes they were informally acting as a board of directors. On November 21, 1960, the above named individuals, purportedly meeting as a board of directors, adopted a resolution purporting to discharge plaintiff as chairman and as a member of the board of directors. Plaintiff immediately protested his dismissal, and insisted that he was chairman of the board of directors which board, he contended, consisted only of himself, John Axtell and

H. F. Rosenmund, who were the named directors in the articles of incorporation.

To resolve these differences, plaintiff, on January 20, 1961, filed suit against defendants praying for declaratory relief as to the validity of his contract with defendants, damages for breach of contract, and recovery for the value of services rendered. To this action defendants Yocum, Cargile, Rubens, George and McCarty filed a cross-complaint and counter-claim asking damages for alleged fraud and misrepresentation practiced by the plaintiff, and a rescission of the contract between them and plaintiff. On September 11, 1961, plaintiff also filed suit against the same defendants asking for declaratory relief to determine who was the rightful owner of the tract of land. Because the parties were the same and similar issues were involved in both suits, the two actions were consolidated for purposes of trial. The declaratory relief action settled title in the corporation and the church, and no appeal from that decision has been taken.

Plaintiff now appeals from the following parts of the judgment rendered by the superior court: "7. That defendant corporation, North Ventura Road Development Company, when said permit of the Corporation Commissioner is granted, shall forthwith issue to all other prospective shareholders of said corporation their respective shares of capital stock, as shown by the evidence, in said defendant corporation.[1] 8. That defendants and cross-complainants, Yocum, Cargile, Rubens, George and McCarty, have judgment against the plaintiff and cross-defendant, Oran W. Brown, in the sum of Twenty Thousand ($20,000.00) Dollars, . . . . 9. That defendant and cross-complainant, North Ventura Road Development Company, a California corporation, have judgment against the plaintiff and cross-defendant, Oran W. Brown, in the sum of Five Thousand ($5,000.00) Dollars. . . . 10. That plaintiff, Oran W. Brown, be and he is hereby restrained from asserting or claiming any interest in said defendant corporation, North Ventura Road Development Company other than by virtue of his said 165 shares of stock when issued to him under a valid permit of the Corporation Commissioner and he is hereby further restrained and enjoined from holding the

---

[1] In paragraph 6 of the judgment, plaintiff was awarded 165 shares, when such are validly issued, as complete compensation for his services. This constitutes 145 shares under the original agreement plus 20 more shares to be assigned to plaintiff by John Axtell.

office as a director of said corporation until otherwise elected by the stockholders of said corporation.''

## I

Taking up paragraph 10 of the judgment first, it appears to us that the trial court's ruling must be sustained.

Sections 810 and 811 of the Corporations Code set forth in detail the ways in which a director may be removed from office. Conceding that plaintiff is correct in his contention that he was removed from office without the requirements of section 810 being fully satisfied,[2] it will not afford him a reversal of that part of the judgment. ■ Since directors hold a position of trust, judicial power to remove them exists independent of statute. (*DeGarmo* v. *Goldman* (1942) 19 Cal.2d 755 [123 P.2d 1].) The case was tried on the theory that, although not too articulately pleaded, the issue of plaintiff's right to continue as a director was before the court. The record before us amply sustains the trial court's removal of the plaintiff either under Corporations Code, section 811, or under its general equity powers. At oral argument, counsel for plaintiff conceded as much.

Plaintiff also asks this court to declare all the actions of the board of directors subsequent to his asserted invalid removal null and void and of no consequence. Again, conceding that such removal was null and void, we must deny plaintiff his request. Nowhere on appeal does plaintiff assert that the board of directors, subsequent to his invalid discharge, performed any act which was in any manner detrimental to plaintiff or which affected or influenced the corporation or the plaintiff.[3]

## II

■ Although, strictly speaking, directors of a corporation are not trustees, it has been held that section 2230 of the Civil Code relating to trustees is also applicable to directors. (*DeGarmo* v. *Goldman* (1942) *supra*, 19 Cal.2d 755, 760.) ■ Therefore, directors occupy a fiduciary relationship to the corporation and to its stockholders. Hence,

---

[2] Whether the ''stockholders,'' as of November 20, 1960, be regarded as consisting only of the three incorporators, or whether they consisted (as we hold below) of the persons to whom shares were ultimately to be issued, it is clear that, over the opposition of plaintiff, the majority required by section 810 could not have existed.

[3] The only actions taken by the board which we can discover from the record were to prosecute and defend the instant lawsuits and to pursue proceedings before the Corporation Commissioner.

it is their duty to promote the best interests of the stockholders and the corporation. (*Lawrence* v. *I. N. Parlier Estate Co.* (1940) 15 Cal.2d 220, 229 [100 P.2d 765].)

██ It has been held that any agreement to take stock in a corporation is a subscription. (*Hughes Mfg. & Lbr. Co.* v. *Wilcox* (1910) 13 Cal.App. 22 [108 P. 871].) Section 103 of the Corporations Code provides that "shareholders," "stockholders," or "holders of shares," *includes* a subscriber where no certificates are outstanding. ██ Since Yocum, George, Rubens and McCarty agreed to take stock in the North Ventura Road Development Company they thereby became subscribers in said corporation. Being subscribers, section 103 gives these subscribers the position of shareholders or stockholders. Therefore, plaintiff owed a fiduciary duty to them to promote their interests as stockholders.

██ Plaintiff clearly breached this duty. The record before us adequately show that plaintiff, by reason of his mismanagement, failed and neglected to obtain (1) the financing of the subject land on the terms and conditions originally agreed upon; (2) the requisite contracts for the construction and development of said project; (3) construction and development of said land by subcontractors in return for a percentage share of the capital stock of the corporate defendant; (4) a release of the land by the sellers to the corporation for subdivision purposes whenever required by the corporation. Furthermore, since plaintiff did not secure the requisite financing as agreed upon, the defendants were forced to make a loan at a high interest rate, and personally pay the accruing interest and principal on the loan, in order to prevent foreclosure on the property. The trial court's award of damages to Yocum, Rubens, George and McCarty in the amount awarded is adequately sustained by the evidence in the record before us.

██ On the other hand, Cargile neither owns nor claims any interest in the corporation. Apparently his sole interest was by virtue of his status as deacon of the church and he appears to have represented the church on the informal board of directors. This being the fact as presented to us, plaintiff owed Cargile no duty similar to that owed to the corporation, Yocum, George, Rubens and McCarty. Therefore there is no basis upon which to sustain the award of damages to Cargile.

It is possible that the trial court proceeded on the theory that Cargile was a de facto trustee for defendant church.

However, the church did not cross-complain for damages and we can find no evidence that it suffered any damage from plaintiff's acts of misconduct. Our reversal, however, with respect to Cargile is without prejudice to any further proceedings in the trial court which the parties may desire and the trial court may allow to elucidate these matters.

Since plaintiff was a director of the corporation, he owed a duty to it for proper management, and, in the normal case would be liable to the corporation in damages for his mismanagement. However, the corporation, neither in its third amended cross-complaint and counterclaim nor in the joint pretrial statement, prayed for an award of damages for plaintiff's alleged acts of fraud and mismanagement. Therefore, the award of damages to the corporation was outside the issues framed in the cross-complaint and counterclaim and joint pretrial statement. The court lacked jurisdiction to make such an award. (Code Civ. Proc., § 426; *Billings* v. *Farm Development Co.* (1925) 74 Cal.App. 254 [240 P. 298].)

### III

Plaintiff is correct in his contention that the persons who are to receive shares in the corporation and the amounts they are to receive should be more specifically determined than as stated in the judgment "as shown by the evidence." This indefiniteness may lead to further litigation. Therefore, this part of the judgment and supporting findings are remanded to the trial court for amplification.

The appeal from the order denying a new trial is dismissed. (3 Witkin, California Procedure, p. 2169.) Paragraph 7 of the judgment and the portions of the judgment awarding damages to defendants Cargile and North Ventura Road Development Company, are reversed and the case is remanded for such further proceedings relating to these matters as is consistent with this opinion; otherwise, the judgment is affirmed. Respondents shall recover their costs on this appeal.

Burke, P. J., and Jefferson, J., concurred.

A petition for a rehearing was denied June 3, 1963, and appellant's petition for a hearing by the Supreme Court was denied July 10, 1963.